IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GUANGO F. CORREA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. A. No. 07-798-JJF |
| | ) |
| VINCE BIANCO, Warden, and | ) |
| ATTORNEY GENERAL OF THE STATE | ) |
| OF DELAWARE, | ) |
| | ) |
| Respondents. | ) |

**O R D E R**

At Wilmington this 8 day of January, 2008;

IT IS ORDERED that:

1. Petitioner Guango F. Correa's Application For A Writ Of Habeas Corpus Filed Pursuant To 28 U.S.C. § 2254 is DISMISSED WITHOUT PREJUDICE for failure to exhaust state remedies. (D.I. 1.) A district court judge may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254. A petitioner is not entitled to federal habeas relief unless he has exhausted state remedies for his habeas claims. 28 U.S.C. § 2254(b)(1)(A). In his Application, Petitioner indicates that his appeal of the Superior Court's denial of a motion for post-conviction relief is still pending before the Delaware Supreme Court. Accordingly, it plainly appears that Petitioner is not entitled to federal habeas

relief because he has not yet exhausted state remedies.[1]

3. The Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); United States v. Eyer, 113 F.3d 470 (3d Cir. 1997); 3rd Cir. Local Appellate Rule 22.2 (2000).

4. The Clerk of the Court is directed close the case and to mail a copy of this Order to Petitioner.

                                           *[signature]*
                                           UNITED STATES DISTRICT JUDGE

---

[1] Petitions filed pursuant to 28 U.S.C. § 2254 must be filed within a one-year limitations period. Acting pro se, Petitioner is responsible for determining the events that trigger and toll the limitations period, as well as the time remaining in the limitations period once it starts again after such tolling.